# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JONATHAN WILLIAM THUENER,**

     **Petitioner,**

  v.                                        **Case No. 2:15-cv-02867**
                                           **Judge Watson**

**WARDEN, LEBANON CORRECTIONAL**           **Magistrate Judge King**
**INSTITUTION,**

     **Respondent.**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 3), Respondent's *Motion to Dismiss* (ECF No. 10), Petitioner's *Response* (ECF No. 11), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED** and that this action be dismissed as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d).

Petitioner's *Motion to Have Case Files on 07-cr-0070 to Be Obtained and Reviewed* (ECF No. 8) is **DENIED**.

### Facts and Procedural History

This case involves Petitioner's March 17, 2008 conviction, pursuant to the terms of his negotiated plea in the Coshocton County Court of Common Pleas, on charges of rape and gross sexual imposition. *Judgment Entry Plea of Guilty and Sentencing* (ECF No. 10-1, PageID# 195.) The trial court imposed a sentence of ten years to life in prison, plus a consecutive term of four years in prison. *See id.* Petitioner filed a timely appeal with the assistance of counsel. (PageID#

201.) On July 18, 2008, that appeal was dismissed for failure to file an appellate brief. *Judgment Entry* (PageID# 213.) Petitioner, through counsel, sought reconsideration of that dismissal. *Motion for Reconsideration Motion to File Brief* (PageID# 214.) On August 11, 2008, the appellate court denied that motion as untimely. *Judgment Entry* (PageID# 215.)

Approximately five years later, on October 4, 2013, Petitioner, acting *pro se*, sought leave to file a delayed appeal. *Motion for Leave to File Delayed Appeal* (PageID# 217.) On November 21, 2013, the appellate court denied that motion. *Judgment Entry* (PageID# 224.) On December 1, 2014, Petitioner filed a delayed application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B). *Appellant's "Delayed" Application for Reopening* (PageID# 226.) On December 15, 2014, the appellate court denied that application as untimely. *Judgment Entry* (PageID# 233.) Petitioner sought reconsideration of that decision. *Motion for Reconsideration* (PageID# 234.) On May 7, 2015, the appellate court denied that motion. *Judgment Entry* (PageID# 236.) Petitioner filed a timely appeal to the Ohio Supreme Court. *Notice of Appeal of Appellant Jonathan Thuener* (PageID# 238.) On August 26, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). *Entry* (PageID# 286.) On February 19, 2014, Petitioner filed a *Motion to Withdraw Guilty Plea* (PageID# 287.) On March 21, 2014, the trial court denied that motion. *Journal Entry* (PageID# 302.)

On September 30, 2015, Petitioner filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] asserting as follows:

> Ground One: Physical Evidence stated in statements
>
> 1) Victim states/describes male genitals of defendant description does not match even 5%
> 2) Stated semen ran out of her into carpet. Dr. Report says no penetration ever occurred.

---

[1] Petitioner executed the *Petition* on August 27, 2015. *Petition* (PageID# 92.)

> 3) History of victim claiming rape against others (her father & step grandfather) nothing came of it, she had lied.
>
> Ground Two: Ineffective assistance of appellate counsel/trial counsel
>
> Defense/appellate counsel failed to raise winning issues, file merit briefs on time or at all, failed to object to certain orders, and most of all failure to provide ad[equate] advice as to the length of time actually facing for crimes never commit[t]ed.  Failure to object to indictments catch all ("On or between example:  August 1st & August 31st.")  No specific date.
>
> Ground Three: Error by Judge, Prosecutor, & Public Defender, Rule 11 & 32, also told I could not appeal.
>
> I was never told by anyone I could actually appeal or request to reopen case until I found out in 2014 in Lexis.  I am innocent and was lied to until I found out I could appeal.  Now it's 8 yrs past and I am still being refused all documents to make a case and show proof I am innocent.

*Petition* (PageID# 82-85.) Respondent contends that this action must be dismissed as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d).

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  As calculated under § 2244(d)(1)(A), Petitioner's judgment of conviction became final on September 25, 2008, *i.e.,* forty-five days after the state appellate court's August 11, 2008, denial of his motion for reconsideration, when the time for filing a timely appeal to the Ohio Supreme Court expired.  *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir.2012) (citing *Gonzalez v. Thaler*, ––– U.S. ––––, 132 S.Ct. 641, 653–54 (2012)).  The statute of limitations began to run the following day and expired one year later, on September 26, 2009.  However, Petitioner waited almost six years, until August 27, 2015, to execute the *Petition*.  Further, none of Petitioner's subsequent filings tolled the running of the statute of limitations, because Petitioner filed all those matters after the statute of limitations had already expired.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)("The tolling provision does not. . .'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

      Petitioner nevertheless asks the Court to consider the merits of his claims.  He asserts that he was in segregation from April to July 2014 and again one month later (for an unspecified period of time), and was therefore without access to his legal materials.  He insists that he is

innocent of the charges against him but he represents that he was told that he had no meritorious issues for an appeal. *Response* (PageID# 319.) Attached to his *Response* are documents, purportedly written by Petitioner's brother and the boyfriend of a witness in the case, that Petitioner contends support his claim of actual innocence and his allegation that prosecution witnesses lied. (ECF No. 11-1, PageID# 325-27.) According to Petitioner, documents contained in his criminal files will assist in establishing his actual innocence.

The one-year statute of limitations may be subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). In order to effectively invoke the protection of the doctrine of equitable tolling, however, a petitioner must establish that he has diligently pursued relief and that some extraordinary circumstance stood in the way of his timely filing. *Id*. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[P]etitioner bears the. . .burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Moreover, equitable tolling is to be only sparingly applied*.* *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002); *Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000). The Supreme Court has allowed equitable tolling where a litigant actively pursued judicial remedies by filing a timely, but flawed, pleading or where a claimant was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). On the other hand, where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not offer a sufficient justification for the equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst*., 662 F.3d 745, 751 (6th Cir. 2011).

These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary circumstance beyond the petitioner's control. *Lowe v. State*, No. 2:12-cv-142, 2013 WL 950940, at *7 (S.D. Ohio March 12, 2013) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). *See also Johnson v. United States*, 544 U.S. 295, 311 (2005)("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"). Bad advice from fellow inmate or other non-lawyers does not constitute grounds for equitable tolling of the statute of limitations. *Allison v. Smith*, No. 2:14–cv–10423, 2014 WL 2217238, at *5 (E.D.Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 F. A'ppx. 579, 580–81 (6th Cir. 2002); *United States v. Cicero*, 14 F.3d 199, 204–05 (D.C.Cir.2000); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D.Tex.1998)). A "[p]etitioner's reliance on jailhouse lawyers is not an extraordinary circumstance warranting equitable tolling." *Arriaga v. Gonzales*, No. 13–1372–AG (JPR), 2014 WL 5661023, at 12 (C.D.Cal. Oct.31, 2014) (citations omitted). "Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv–264, 2012 WL 1229397, at *9 (W.D.Mich. Apr. 12, 2012) (citations omitted). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D.Mich. Nov.11, 2014) (citing *Johnson v. United States*, 544 U.S. at 311).

This Court is not persuaded that the record reflects that equitable tolling of the statute of limitations is appropriate. It is true that Petitioner's direct appeal was dismissed because of his

counsel's failure to file an appellate brief and failure to timely seek reconsideration of that dismissal. However, Petitioner waited more than five years, until October 2013, before he filed a motion for a delayed appeal in the state appellate court. *Motion for Leave to File Delayed Appeal* (ECF No. 10-1, PageID# 217.) Petitioner explained in that filing that he did not take action earlier because he had been advised on numerous occasions by the public defender that he "had nothing to appeal" and that, although he had learned "in 2012 & 2013" that he had the right to appeal, he had been trying to obtain copies of his legal documents.  *Id.* (PageID# 220, 222.) Petitioner then waited approximately one year after the November 21, 2013 denial of that motion for delayed appeal, *i.e.,* until December 1, 2014, to file a Rule 26(B) application to reopen the direct appeal, despite the suggestion by the state appellate court in November 2013 that an application to reopen the direct appeal remained an available remedy.  *See Judgment Entry* (ECF No. 10-1, PageID# 224.)  Under all these circumstances, Petitioner has failed to establish either that he acted diligently in pursuing his claims or that some extraordinary circumstance prevented his earlier filing.

The one-year statute of limitations may also be subject to equitable tolling upon a "credible showing of actual innocence."  *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). "[A] petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11–cv–1271, 2012 WL 487991 (N.D.Ohio Feb.14, 2012) (citing *Souter,* 395 F.3d at 590).  Actual innocence means factual innocence, not mere legal sufficiency.  *See Bousely v. United States,* 523 U.S. 614, 623 (1998). A petitioner claiming equitable tolling by reason of actual innocence must overcome a high hurdle:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup* [*v. Delo*], 513 U.S. [298,] 316, 115 S.Ct. 851, 130 L.Ed.2d 808 [(1995)]. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. . . . "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter*, 589 F.3d at 589–90.

A petitioner who asserts a convincing claim of actual innocence need not establish that he was diligent in pursuing this claim. *McQuiggin v. Perkins,* ––– U.S. ––––, 133 S.Ct. 1924, 1932–33 (2013). Unexplained delay, however, still undermines the petitioner's credibility. The Supreme Court has emphasized that, in order to invoke this exception to AEDPA's statute of limitations, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id*. at 1935 (quoting *Schlup,* 513 U.S. at 332, 327).

Petitioner has failed to provide credible, convincing evidence of actual innocence. He pleaded guilty to the charges against him and the trial court's *Judgment Entry Plea of Guilty and Sentencing* indicates that Petitioner "entered his pleas of guilty voluntarily and with full understanding of the nature of the charges. . . against him and the consequence of his pleas of guilty." *Id.*  (ECF No. 10-1, PageID# 196-97.)  Petitioner has provided no new, reliable evidence

8

supporting his claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling of the statute of limitations on the ground that he is actually innocent.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 10) be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d).

Petitioner's *Motion to Have Case Files on 07-cr-0070 to Be Obtained and Reviewed* (ECF No. 8) is **DENIED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
May 10, 2016
