UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jonathan William Thuener,

    Petitioner,

v.

Warden, Lebanon Correctional
Institution,

    Respondent.

Case No. 2:15–cv–2867
Judge Michal H. Watson
Magistrate Judge King

## OPINION AND ORDER

On May 10, 2016, the Magistrate Judge recommended that Respondent's Motion to Dismiss, ECF No. 10, be granted and that this action be dismissed as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d). Order and Report and Recommendation ("R&R"), ECF No. 12. Petitioner objects. ECF No. 14. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, the Court **OVERRULES** Petitioner's objection, ECF No. 14, **ADOPTS** the R&R, ECF No. 12, **GRANTS** the motion to dismiss, ECF No. 10, and **DISMISSES** this action as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d).

Petitioner was convicted in March 2008 on his plea of guilty to charges of rape and gross sexual imposition. He was sentenced to a term of imprisonment ranging from ten years to life, and a consecutive term of four years. In objecting to the Magistrate Judge's recommendation that this action be dismissed as time-

barred, Petitioner argues that equitable tolling of the statute of limitations is warranted. He asserts that he is actually innocent of the charges against him, as demonstrated by the victim's statement and by evidence indicating that the victim contracted a sexually transmitted disease from the person who sexually assaulted her. According to Petitioner, physical evidence will also establish that his penis does not match the description of that given by the victim. Petitioner also explains that he did not pursue relief earlier because the public defender and the prosecutor improperly advised him that he had no grounds for an appeal. He also alleges that his attorney discussed with him a maximum sentence of thirteen years. He would not have entered a guilty plea but for the fact that he "was on mind altering drugs" at the time. Obj., ECF No. 14 at PAGEID # 344. Petitioner indicates that he is currently residing in the prison's residential treatment unit and has no access to the prison's law library.

The record reflects that the statute of limitations expired on September 26, 2009. Petitioner waited almost six years after that date, until August 27, 2015, to execute the instant habeas petition. Moreover, Petitioner waited approximately five years after the state appellate court's denial of his motion for reconsideration of the dismissal of his appeal,[1] i.e. until October 4, 2013, to file a motion for delayed appeal. He waited approximately one year after the November 21, 2013

---

[1] Although Petitioner states that he did not file a timely appeal, the record indicates that, with the assistance of counsel, Petitioner in fact filed a timely appeal. On July 18, 2008, however, that appeal was dismissed for failure to file an appellate brief. Judgment Entry, ECF No. 10-1 at PAGEID # 213. On August 11, 2008, the appellate court denied as untimely the motion for reconsideration of that dismissal. *Id.* at PAGEID # 215.

denial of that motion for delayed appeal, i.e. until December 1, 2014, to file an application to reopen his direct appeal, despite the suggestion by the state appellate court in November 2013 that an application to reopen the direct appeal remained an available remedy. *See* Judgment Entry, ECF No. 10-1 at PAGEID # 224. Under all these circumstances, the record simply fails to establish that Petitioner acted diligently in pursuing relief. The record likewise fails to reflect that some extraordinary circumstances prevented his timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (In order to obtain equitable tolling of the statute of limitations, a petitioner must establish that he has diligently pursued relief and that some extraordinary circumstance stood in the way of his timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Court also rejects Petitioner's reliance, in invoking equitable tolling of the statute of limitations, on his attorney's alleged advice that there were no grounds for an appeal. *See McSwain v. Davis,* 287 F. App'x 450, 457, 2008 WL 2744640, at *6 (6th Cir. 2008) (neither ignorance of the law nor reliance on incorrect advice of attorney constitutes a basis for equitable tolling) (citing *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005); *Jagodka v. Lafler*, 148 F. App'x 345, 347 (6th Cir. 2005) (per curiam); *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004) (citing *Jurado v. Burt*, 337 F.3d 638, 644–45 (6th Cir. 2003)); *see also Walker v. Graham*, 955 F. Supp. 2d 92, 103 (E.D.N.Y. July 2, 2013) ("[R]eliance on a jailhouse lawyer, or even on the erroneous advice of a licensed attorney,

does not qualify as an extraordinary circumstance warranting equitable tolling . . . .") (citations omitted).

Finally, although Petitioner now protests that he is the victim of a manifest miscarriage of justice and is actually innocent of the charges upon which he stands convicted, he has not met the high hurdle required to demonstrate, "through new reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Souter v. James*, 395 F.3d 577, 590 (6th Cir. 2005).

For all the foregoing reasons, and for the reasons detailed in the Magistrate Judge's R&R, the Court **OVERRULES** Petitioner's objection, ECF No. 14, **ADOPTS** the R&R, ECF No. 12, and **GRANTS** Respondent's motion to dismiss, ECF No. 10. This action is hereby **DISMISSED** as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d).

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**